## Cramer *versus* Carlisle Bank.

1. The general assignment that "the court erred in their general charge to the jury" is not a compliance with the rule, and therefore matters discussed under that head will not be noticed.

2. There is a difference between facts which are merely *evidence* against a party, and those which *estop* him from showing the truth.

3. No person can take advantage of an estoppel who would not be bound by it, if the matter were against him.

4. If the deed of the sheriff, by mistake, called for the land of P. C., as adjoining in a particular direction, the latter could not be bound by the error, and consequently those who claim under him have no right to insist upon it as precluding the sheriff's vendees, by estoppel, from showing the truth.

5. An alleged tenant is not precluded by the *payment of rent*, or by *attornment*, from showing that these acts were obtained by fraud, misrepresentation, or misapprehension of the facts.

ERROR to the Court of Common Pleas of *Cumberland county.*

The opinion of the court was delivered July 20, 1852, by

LEWIS, J.—It is our duty to enforce a compliance with the rule which requires a specification of the errors complained of. The general assignment, that "the court erred in their general charge to the jury," is not a compliance with the rule, and we therefore take no notice of the matters discussed under this head.

There is a difference between facts which are merely *evidence* against a party, and those which *estop* him from showing the truth. No person can take advantage of an estoppel who would not be bound by it, if the matter were against him. If the deed of the sheriff, by mistake, called for the land of Peter Creamer, as adjoining in a particular direction, the latter would not be bound by the error; and consequently those who claim under him have no right to insist upon it as precluding the sheriff's vendees, by estoppel, from showing the truth. Even an alleged tenant is not precluded by the *payment of rent*, or by *attornment*, from showing that these acts were obtained by fraud, misrepresentation, or misapprehension of the facts. 8 B. & C. 471 ; 6 Taunt. 202 ; 1 Bing. 38 ; 2 Id. 10 ; 3 Id. 474. Taking possession of a different tract from that in controversy here, and claiming it under the sheriff's deed, may be evidence against those who did so, but such acts do not estop them from showing that they were occasioned by mistake, or that instead of intending thereby to elect to hold a different tract from the one in controversy, the intention was to claim both tracts as fairly included within the boundaries set forth in the sheriff's deed.

We understand from the paper-book, that the defendants are

purchasers in good faith, without notice of some of the acts or declarations relied upon as conclusive against them. It would be manifestly unjust to estop them by acts and declarations not their own, and of which they had no notice, either actual or constructive, when they purchased.

We perceive no error in the answers of the court to the several points propounded by the plaintiff in error.

Judgment affirmed.